Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>LINDA M. WOJTASZEK,<br><br>　　　　　Debtor.<br><br><br>JOHN W. SYWILOK, CHAPTER 7 TRUSTEE,<br><br>　　　　　Appellant,<br><br>v.<br><br>THE CITY OF LINDEN and TTLREO, LLC,<br><br>　　　　　Appellees. | Civil Action No. 20-3029<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

      This matter concerns a bankruptcy court's denial of motions seeking a surcharge pursuant to 11 U.S.C. § 506(c). Presently before the Court is Trustee John W. Sywilok's motion for reconsideration of the Court's previous order affirming the bankruptcy court's denial of his motions for a surcharge. The Court reviewed all the submissions in support and in opposition[1] and considered the motion without oral argument pursuant to Federal Rule of Civil Procedure

---

[1] The Trustee's brief in support of his motion for reconsideration will be referred to as "Tr. Br.," D.E. 15-1. The City of Linden's opposition brief, D.E. 16, which TTLREO, LLC has joined, D.E. 17, will be referred to as "Opp. Br." The Trustee's reply brief will be referred to as "Reply," D.E. 18.

78(b) and Local Civil Rule 78.1(b). For the reasons that follow, the Trustee's motion for reconsideration is **DENIED**.

## I. BACKGROUND

The Court included an extensive factual background in its March 5, 2021 Opinion affirming the bankruptcy court ("Prior Opinion"), D.E. 13, which the Court incorporates by reference here. The Trustee moved for reconsideration of this Court's decision to affirm the bankruptcy court's denial of his motions for a § 506(c) surcharge. D.E. 15-1.

## II. STANDARD OF REVIEW

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. The Court issued its Order on March 5, 2021. D.E. 14. The Trustee filed his motion for reconsideration on March 19, 2021. D.E. 15. Accordingly, the Trustee's motion is timely.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). A motion for reconsideration, however, does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see*

*also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

### III. ANALYSIS

The Trustee acknowledges that no intervening change in controlling law or newly discovered evidence exists but "strongly feels" that the Court overlooked matters that would have changed its previous decision. Tr. Br. at 4. The Trustee argues that there were five items that the Court "overlooked" in reaching its decision that "might reasonably have resulted in a different conclusion." *Id.* at 1.

The Trustee first argues that the Court "overlooked and failed to even mention [the] Certification of Certified Subservice Evaluator Aubrey Cameron," which stated that the City of Linden benefitted by the remediation of Debtor's property. *Id.* at 1. The Court disagrees. The Prior Opinion directly quoted from Cameron's certification. Prior Opinion at 6. The Court explained that before the bankruptcy court "the Trustee argued that [Linden] was directly benefitted by the cleanup because '*if remediation had not occurred contaminated groundwater would have spread to adjoining properties resulting in a clear and present health risk*' to other Linden residents." *Id.* (emphasis added). The Prior Opinion directly quoted paragraph 15 of Cameron's certification. *See* D.E. 15-2 at 3 ("If remediation had not occurred, contaminated ground water would have resulted and would have spread to adjoining properties resulting in a clear and present health risk."). The Court did not overlook or fail to consider this certification. As a result, the Court will not reconsider its ruling on this ground.

Second, the Trustee asserts that the Prior Opinion made the "clearly erroneous" statement that "[t]he Trustee also claims that the $26,915.07 was paid to TTLREO but provides no evidence in support; it appears that the money was paid to another party who purchased a later tax lien." Tr. Br. at 2. TTLREO and Linden submit that "[t]he Court correctly noted that such payment was made from the sale proceeds to another party who purchased a later tax lien." Opp. Br. at 8. The Trustee is correct that the Prior Opinion incorrectly states that the Trustee claimed $26,915.07 was paid to TTLREO; in fact, the Trustee stated that TTLREO "received a full refund of his $26,200 premium," and "the subsequent tax sale certificate was paid to a third party in the amount of $26,915.07." *See* D.E. 4-1 at 63. However, the latter portion of the challenged sentence in the Prior Opinion correctly recounts that "it appears that the [$26,915.07] was paid to another party who purchased a later tax lien." Prior Opinion at 5. The Trustee has failed to demonstrate that this was "a clear error of law" that must be corrected to "prevent manifest injustice." *Carmichael*, 2004 WL 1587894, at *1. The Court will not reconsider its ruling on this ground.

Third, the Trustee contends that this Court "overlook[ed] the plain meaning of 11 U.S.C. § 506(c). Tr. Br. at 2. Specifically, the Trustee argues that TTLREO and Linden held secured claims against the property at the time of its sale, and "the Trustee sought a surcharge for the costs incurred in disposing of the property held as collateral for TTLREO and Linden's secured claims." *Id.* "It is simply not correct," the Trustee continues "that the Trustee sought to collect a direct claim against Linden as a municipality." *Id.* at 2-3. In opposition, TTLREO and Linden note that "the entire basis of multiple motions before the Bankruptcy Court and the [present] appeal . . . are based on the [Trustee's] application for a surcharge . . . against the City." Opp. Br. at 9. The Trustee fails to demonstrate how the Court made a clear error of law. The Prior Opinion cites § 506(c) and highlights the lack of precedent for applying this surcharge against a city – a point that

4

the Trustee does not contest. Prior Opinion at 6-7. The Court further explained that the Trustee did not meet his burden of establishing a benefit to the secured creditors, which must be shown to obtain a § 506(c) surcharge. *Id.* at 10-11. The Court denies reconsideration on this ground.

Fourth, the Trustee argues that the Court quoted a provision of a leading bankruptcy treatise that was "taken out of context." Tr. Br. at 3. On this point, the Trustee seeks to relitigate whether the remediation conferred a benefit upon Linden and TTLREO. TTLREO and Linden contend that "[r]econsideration is not warranted simply because the [Trustee] disagrees with a decision." Opp. Br. at 10. The Court agrees. This point was considered and discussed in the Prior Opinion. Prior Opinion and 10-12. "[A] motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc.*, 2015 WL 4602995, at *2-3. The Court denies reconsideration on this ground.

Finally, the Trustee argues that the Court took out of context a statement made in the Trustee's brief that TTLREO and Linden would have been in a better position had the Trustee abandoned the property instead of remediating it. Tr. Br. at 3. The Trustee explains that "[i]t is a truism that anyone would be better off if not sued." Tr. Br. at 3-4. In opposition, Linden and TTLREO submit that "[t]his Court did not overlook the [Trustee's] argument, it just didn't agree with it." Opp. Br. at 10. TTLREO and Linden are correct. The Prior Opinion states that the Court "disagrees" with the Trustee's assertion that it was "immaterial and irrelevant" that TTLREO and Linden would have been better off had the property been abandoned rather than remediated. The Trustee seeks to relitigate a point on which it disagrees with the Court's prior ruling. This is not a proper basis for reconsideration.

Because the Trustee fails to fulfill his burden, the motion for reconsideration is denied.

5

## IV. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** on this 21st day of May, 2021,

**ORDERED** that the Trustee's motion for reconsideration, D.E. 15, is **DENIED**.

_____
John Michael Vazquez, U.S.D.J.